UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

JOSUE' KAVANAGH                                                 COMPLAINT

                                       Plaintiff,          JURY DEMAND

      -against-

THE CITY OF NEW YORK; JAMES P. O'NEILL, as
Police Commissioner, Police Department City of New
York; JEFFREY B. MADDREY, as Deputy Chief, Patrol
Borough Brooklyn North; SERGIO CENTA, as
Commanding Officer, 83rd Precinct; HUGO DOMINGUEZ,
as Executive Officer, 83rd Precinct; ANGEL RAMOS, as
Lieutenant, 83rd Precinct; KHALIL BINSAFAR, as Sergeant,
83rd Precinct; PATRICK DADDINO, as Police Officer, 83rd
Precinct; THOMAS DELORENZO, as Police Officer, 83rd
Precinct; JOSEPH DIONISI, as Police Officer, 83rd Precinct
and JOSEPH NUZZO, as Police Officer, 83rd Precinct
each sued individually and in their official capacities
as employees of defendant THE CITY OF NEW YORK

                                   Defendants'

-------------------------------------------------------------------------------x

        The plaintiff, JOSUE' KAVANAGH through his attorney THE SANDERS FIRM, P.C.,

files this federal complaint against defendants' THE CITY OF NEW YORK; JAMES P.

O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL

RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH

DIONISI and JOSEPH NUZZO and their agents respectfully set forth and allege that:

## INTRODUCTION

        This is an action filed on behalf of the plaintiff JOSUE' KAVANAGH, (hereinafter

referred to as "plaintiff") alleging his statutory rights as an employee and citizen were violated

due to United States Equal Employment Opportunity Commission and their agents race

discrimination.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a.      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race;

   b.      the Civil Rights Act of 1871, 42 U.S.C. § 1983;

   c.       New York State Executive Law § 296;

   d.      New York City Administrative Code § 8-107

2.      The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff alleges that on or about April 11, 2018, he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

4.      Plaintiff alleges that on or about July 27, 2018, he received a Dismissal and Notice of Rights letter from the United States Equal Employment Opportunity Commission.

5.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

## PLAINTIFF

6.      Plaintiff JOSUE' KAVANAGH is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Queens County.

## DEFENDANTS'

7.      Defendant THE CITY OF NEW YORK is a municipal corporation and at all

relevant times plaintiff's employer, with its central officers in the county of New York, and diverse other offices and facilities throughout the world.

       8.     Defendant JAMES P. O'NEILL, as Police Commissioner, Police Department City of New York.

       9.     Defendant JEFFREY B. MADDREY, as Deputy Chief, Patrol Borough Brooklyn North.

      10.    Defendant SERGIO CENTA, as Commanding Officer, 83rd Precinct.

      11.    Defendant HUGO DOMINGUEZ, as Executive Officer, 83rd Precinct.

      12.    Defendant ANGEL RAMOS, as Lieutenant, 83rd Precinct.

      13.    Defendant KHALIL BINSAFAR, as Sergeant, 83rd Precinct.

      14.    Defendant PATRICK DADDINO, as Police Officer, 83rd Precinct.

      15.    Defendant THOMAS DELORENZO, as Police Officer, 83rd Precinct.

      16.    Defendant JOSEPH DIONISI, as Police Officer, 83rd Precinct.

      17.    Defendant JOSEPH NUZZO, as Police Officer, 83rd Precinct.

## **BACKGROUND**

      18.    Plaintiff alleges that he self identifies as an officer of 'African' descent.

      19.    Plaintiff alleges that he and other officers of color charge Defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY and their agents with participating, condoning and or acquiescing to the acts of primarily Caucasian officers, supervisors and their agents with intentionally obstructing, impairing, and perverting their ability to administer the equal application of law and related governmental functions due to their race.

      20.    Plaintiff alleges that the aforementioned acts includes but not limited to acts of assault, property damage, ostracization and unfair discipline.

21.     Plaintiff alleges that whenever he or other officers of color complain about their ability to administer the equal application of law and related governmental functions due to their race, Defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY and their agents respond with further acts of intimidation, ostracization and unfair discipline.

22.     Plaintiff alleges that on or about November 14, 2017, while assigned to the 83rd Precinct Summons Unit, he was told by Police Officer Stacy McCarten-Wollack (Caucasian Female) that Patrolman's Benevolent Association "B" Delegate Defendant JOSEPH NUZZO (Caucasian Male) had enough of him issuing traffic summonses to motorists in possession of PBA cards and threatened to give them his work location and personal cellular number so that they can 'physically confront him.'

23.     Plaintiff alleges that Defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY and their agents are fully aware of this sort of intimidation but, either participates, condones and or acquiesce to such conduct.

24.     Plaintiff alleges that Defendant JOSEPH NUZZO and others like him engage in such conduct because he knows Defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY and their agents either participates, condones and or acquiesce to such conduct.

25.     Plaintiff alleges that on or about November 17, 2017, Police Officer McCarten-Wollack told him he would not be receiving PBA cards because he was issuing traffic summonses to drivers who were in possession of PBA cards.

26.     Plaintiff alleges that between November 17, 2017 and December 31, 2017, police officers assigned to the 83rd Precinct began ostracizing he and his partner Police Officer Dwayne Thomas (African-American Male).

27.     Plaintiff alleges that on or about December 31, 2017, around 2100 hours, with the intent to intimidate him using race as a factor, while inside of the Male Locker-room preparing for court, Defendant JOSEPH DIONISI (Caucasian Male) tossed an explosive device believed to be a firecracker near him which exploded while Defendant PATRICK DADDINO (Caucasian Male) recorded the event on his personal cellular telephone. Both Defendants laughed, then left the area.

28.     Plaintiff alleges that Defendant JOSEPH DIONISI committed the acts of Burglary in the second degree, Assault in the second degree, Reckless endangerment in the second degree and unlawfully dealing with fireworks and dangerous fireworks, one or more of these acts constitute hate crimes as defined under the New York State Penal Law.

29.     Plaintiff alleges that Defendant PATRICK DADDINO committed the acts of Burglary in the second degree and Conspiracy in the fourth degree as defined under the New York State Penal Law.

30.     Plaintiff alleges that Defendants JOSEPH DIONISI and PATRICK DADDINO and others like them engage in such conduct because they know Defendants THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY and their agents either participates, condones and or acquiesce to such conduct.

31.     Plaintiff alleges that Defendant JOSEPH DIONISI'S actions caused him to sustain loss of hearing, substantial pain inside of his ears, intimidation, fear and apprehension.

32.     Plaintiff alleges that Defendant PATRICK DADDINO'S actions caused him to experience intimidation, fear and apprehension.

33.     Plaintiff alleges that, having no avenue to complain, he left the 83rd Precinct without reporting Defendants JOSEPH DIONISI and PATRICK DADDINO'S conduct.

34.     Plaintiff alleges that several hours later, on or about January 1, 2018, he called the 83rd Precinct and reported Defendants JOSEPH DIONISI and PATRICK DADDINO'S conduct to the Assistant Integrity Control Officer Defendant ANGEL RAMOS (Hispanic Male).

35.     Plaintiff alleges that shortly thereafter, he received a call from Executive Officer Defendant HUGO DOMINGUEZ (Hispanic Male). He was directed to report to the 83rd Precinct.

36.     Plaintiff alleges that upon information and belief, Defendant HUGO DOMINGUEZ notified Commanding Officer SERGIO CENTA (Caucasian Male).

37.     Plaintiff alleges that upon information and belief, Defendant SERGIO CENTA notified Patrol Borough Brooklyn North Commanding Officer JEFFREY B. MADDREY.

38.     Plaintiff alleges that upon information and belief, Defendant JEFFREY B. MADDREY notified Defendant JAMES P. O'NEILL (Caucasian Male).

39.     Plaintiff alleges that upon his arrival at the 83rd Precinct, he met with Defendants SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS and investigators assigned from Patrol Borough Brooklyn North under the authority of Defendant JEFFREY B. MADDREY.

40.     Plaintiff alleges that Defendants JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ and ANGEL RAMOS intentionally failed to establish a crime scene to coverup the hate crimes of Defendants JOSEPH DIONISI and PATRICK DADDINO.

41.     Plaintiff alleges that Defendants SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS and investigators assigned from Patrol Borough Brooklyn North under the authority of Defendant JEFFREY B. MADDREY showed him some pictures of police officers assigned to the 83rd Precinct.

6

42.     Plaintiff alleges that he selected Defendants JOSEPH DIONISI and PATRICK DADDINO.

43.     Plaintiff alleges that at some point, upon information and belief, Defendant JEFFREY B. MADDREY inspected the 83rd Precinct but, did not speak with him.

44.     Plaintiff alleges that after reporting Defendants JOSEPH DIONISI and PATRICK DADDINO'S conduct to Defendants SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; and investigators assigned from Patrol Borough Brooklyn North under the authority of Defendant JEFFREY B. MADDREY, Defendant ANGEL RAMOS transported him to Wyckoff Heights Medical Center.

45.     Plaintiff alleges that he was diagnosed with tinnitus.

46.     Plaintiff alleges that sometime later, Defendant ANGEL RAMOS transported him back to the 83rd Precinct to sign the Line of Duty Injury Report.

47.     Plaintiff alleges that on or about January 2, 2018, after reporting to the NYPD Medical

Division, he learned his request for Line of Duty designation was denied.

48.     Plaintiff alleges that on or about January 2, 2018, he began experiencing headaches and migraines throughout the day.

49.     Plaintiff alleges that on or about January 4, 2018, he visited an ear, nose, and throat specialist who prescribed steroids to treat his condition.

50.     Plaintiff alleges that on or about January 5, 2018, his partner Police Officer Dwayne Thomas (African-American Male) called and told him that the Summons Unit Sergeant Defendant KHALIL BINSAFAR (African-American Male) said upon return to work, his steady tour will change.

51.     Plaintiff alleges that on or about January 10, 2018, Police Officer Jack Rollis (Caucasian Male) told him that he heard Patrolman's Benevolent Association "A" Delegate Defendant THOMAS DELORENZO say, "I'd better not catch him in the lounge."

52.     Plaintiff alleges that on or about January 25, 2018, Defendant KHALIL BINSAFAR directed him to attend a meeting with the Defendant JOSEPH NUZZO.

53.     Plaintiff alleges that Defendant KHALIL BINSAFAR said, "You guys, meaning he and Police Officer Thomas, are not writing enough summonses."

54.     Plaintiff alleges that Defendant KHALIL BINSAFAR told them, Defendant SERGIO CENTA wanted them to write eight (8) summonses per day.

55.     Plaintiff alleges that from around February 1, 2018 through February 15, 2018, Defendants KHALIL BINSAFAR and ANGEL RAMOS imposed the aforementioned daily summons requirements aka 'quotas' upon them under threat of changing their tours.

56.     Plaintiff alleges that shortly thereafter, after failing to meet the 'quota,' Defendants SERGIO CENTA and KHALIL BINSAFAR changed their tours.

57.     Plaintiff alleges that on or about February 22, 2018, Defendant THE CITY OF NEW YORK granted he a safety transfer to the 113th Precinct.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

58.     Plaintiff re-alleges Paragraphs 1 through 57 and incorporates them by reference as Paragraphs 1 through 57 of Count I of this Complaint.

59.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents engaged in a pattern and practice of discrimination against him with respect to the application

process, terms, conditions and privileges of employment because of his race.

60.     Plaintiff alleges defendant THE CITY OF NEW YORK knew or should have known about race discrimination in the workplace because of their prior history of discriminatory conduct.

61.     Plaintiff alleges that because of the discriminatory acts of defendant THE CITY OF NEW YORK through its agents, he suffered depression and anxiety.

62.     Plaintiff alleges that defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, from in or around November 14, 2017.

63.     Plaintiff alleges that the acts of defendant THE CITY OF NEW YORK through its agents under color of law caused him to suffer emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

64.     Plaintiff re-alleges Paragraphs 1 through 63 and incorporates them by reference as Paragraphs 1 through 63 of Count II of this Complaint.

65.     Plaintiff alleges defendant and its agents engaged in various severe and hostile actions towards him due to his race.

66.     Plaintiff alleges that the severe and hostile acts of the defendant THE CITY OF NEW YORK and its agents caused him to incur insignificant legal costs, emotional distress, and damage to his personal and professional reputation.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

67.     Plaintiff re-alleges Paragraphs 1 through 66 and incorporates them by reference as

Paragraphs 1 through 66 of Count III of this Complaint.

68.     Plaintiff alleges defendant and its agents acted in an outrageous and systematic

pattern of discrimination, retaliation, oppression and bad faith and cover-up directed at him and

continuing from November 14, 2017.

69.     Plaintiff alleges defendant THE CITY OF NEW YORK and its agents caused him

to incur significant legal costs, emotional distress, damage to his personal and professional

reputation and loss of employment benefits.

## COUNT IV
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

70.     Plaintiff re-alleges Paragraphs 1 through 69 and incorporates them by reference as

Paragraphs 1 through 69 of Count IV of this Complaint.

71.     Plaintiff alleges defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY;

SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK

DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their

agents acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and

cover-up, directed at him from November 14, 2017.

72.     Plaintiff defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO

CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK

DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their

agents caused him to suffer significant legal costs, emotional distress, and damage to his personal and professional reputation.

## COUNT V
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

73.     Plaintiff re-alleges Paragraphs 1 through 72 and incorporates them by reference as Paragraphs 1 through 72 of Count V of this Complaint.

74.     Plaintiff alleges defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents acted in an outrageous and systemic pattern of race discrimination, hostility, oppression, bad faith and cover-up, directed at him from around late 2017.

75.     Plaintiff alleges defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents caused him to incur significant legal costs, emotional distress, and damage to his personal and professional reputation.

## COUNT VI
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

76.     Plaintiff re-alleges Paragraphs 1 through 75 and incorporates them by reference as Paragraphs 1 through 75 of Count VI of this complaint

77.     Plaintiff alleges defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK

DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents engaged in various retaliatory actions against him acting individually and in their official capacities as public officials of defendant THE CITY OF NEW YORK because of his opposition to race discrimination.

78.     Plaintiff alleges that the purpose of defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents so acting was to prevent him, through economic and psychological intimidation, from seeking the equal protection of the laws.

79.     Plaintiff alleges that pursuant to their conduct defendants' JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents acted to deprive him of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

80.     Plaintiff alleges that because of the previously mentioned acts, depriving him of his civil rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

### COUNT VII
### MONELL CLAIM
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

81.     Plaintiff re-alleges Paragraphs 1 through 80 and incorporates them by reference as Paragraphs 1 through 80 of Count VII of this Complaint.

82.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused his injuries.

83.     Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting race discrimination, related to the application process under color of law.

84.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived him of his constitutional and statutory rights.

85.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's actions caused his injuries.

86.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused him to sustain damages.

**COUNT VIII**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

87.     Plaintiff re-alleges Paragraphs 1 through 85 and incorporates them by reference as Paragraphs 1 through 85 of Count VIII of this Complaint.

88.     Plaintiff alleges the New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

89.     Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents discriminated against him because of his race.

90.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL

13

BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and

JOSEPH NUZZO and their agents, he suffered the indignity of race discrimination and great

humiliation.

91.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI

and JOSEPH NUZZO and their agents' violations caused his mental anguish, emotional distress,

and loss of employment opportunities.

## COUNT IX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

92.    Plaintiff alleges Paragraphs 1 through 91 and incorporates them by reference as

Paragraph 1 through 91 of Count IX of this Complaint.

93.    Plaintiff alleges the New York State Executive Law § 296 makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their race.

94.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

hostile actions are encouraged and/or tolerated.

95.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI

and JOSEPH NUZZO and their agents engaged in various hostile actions against him because of

his opposition to race discrimination.

96.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B.

MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL

BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and

JOSEPH NUZZO and their agents he suffered the indignity of race and race discrimination and

great humiliation.

97.     Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI

and JOSEPH NUZZO and their agents' violations caused him mental anguish, emotional

distress, and loss of employment opportunities.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

98.     Plaintiff re-alleges Paragraph 1 through 97 and incorporates them by reference as

Paragraph 1 through 97 of Count X of this Complaint.

99.     Plaintiff alleges the New York State Executive Law § 296 makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their race.

100.    Plaintiff alleges the law makes it unlawful to create an atmosphere where

retaliation is encouraged and/or tolerated.

101.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI

and JOSEPH NUZZO and their agents engaged in various hostile actions against him because of his opposition to race discrimination.

102.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents he suffered the indignity of race discrimination and great humiliation.

103.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents' violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XI
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

104.    Plaintiff re-alleges Paragraphs 1 through 103 and incorporates them by reference as Paragraphs 1 through 103 of Count XI of this Complaint.

105.    Plaintiff alleges New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

106.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents discriminated against him because of his race.

107.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents he suffered the indignity of race discrimination and great humiliation.

108.   Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents' violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

109.   Plaintiff re-alleges Paragraphs 1 through 108 and incorporates them by reference as Paragraphs 1 through 108 of Count XII of this Complaint.

110.   Plaintiff alleges the New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

111.   Plaintiff alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

112.   Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI

and JOSEPH NUZZO and their agents engaged in various hostile actions against him.

113.   Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B.

MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL

BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and

JOSEPH NUZZO and their agents he suffered the indignity of race discrimination.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

114.   Plaintiff re-alleges Paragraph 1 through 113 and incorporates them by reference

as Paragraph 1 thorough 113 of Count XIII of this Complaint.

115.   Plaintiff alleges the New York City Administrative Code § 8-107 makes it

unlawful to discriminate against any individual in terms, conditions, or privilege of employment

because of their race.

116.   Plaintiff alleges the law makes it unlawful to create an atmosphere where

retaliation is encouraged and/or tolerated.

117.   Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;

KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI

and JOSEPH NUZZO and their agents engaged in various hostile actions against him because of

his opposition to race discrimination.

118.   Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B.
MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL
BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI and
JOSEPH NUZZO and their agents he suffered the indignity of race discrimination and great
humiliation.

      119.   Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;
JEFFREY B. MADDREY; SERGIO CENTA; HUGO DOMINGUEZ; ANGEL RAMOS;
KHALIL BINSAFAR; PATRICK DADDINO; THOMAS DELORENZO; JOSEPH DIONISI
and JOSEPH NUZZO and their agents' violations caused him mental anguish, emotional
distress, and loss of employment opportunities.

## JURY TRIAL

      120.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE
CITY OF NEW YORK; JAMES P. O'NEILL; JEFFREY B. MADDREY; SERGIO CENTA;
HUGO DOMINGUEZ; ANGEL RAMOS; KHALIL BINSAFAR; PATRICK DADDINO;
THOMAS DELORENZO; JOSEPH DIONISI and JOSEPH NUZZO and their agents jointly and
severally, in an amount to be determined at trial, plus any al available statutory remedies, both
legal and equitable, and interests and costs.

Dated:  September 19, 2018
New York, N.Y.

Respectfully submitted,

By:    _____

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com